```
            IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION


VICKI A. BUFFINGTON,            §
                                §
        Plaintiff,              §
                                §
VS.                             §   NO. 4:02-CV-799-A
                                §
JO ANNE B. BARNHART,            §
COMMISSIONER OF SOCIAL SECURITY,§
                                §
        Defendant.              §
```

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

The court has concluded that the rulings contained in this order and the related final judgment in the above-captioned action should be made (1) in response to the document filed by defendant, JoAnne B. Barnhart, Commissioner of Social Security, ("Commissioner") on September 29, 2006, titled "Unopposed Motion and Brief to Vacate Remand Order" and (2) because of the information the court has that the administrative decision of which plaintiff, Vicki A. Buffington, ("Buffington") complains by her complaint in this action has been vacated.

1. <u>The Commencement of This Civil Action</u>.

This civil action was commenced pursuant to the authority of the first and second sentences of 42 U.S.C. § 405(g) on September 23, 2002, by the filing of a complaint by Buffington against Commissioner. Buffington sought reversal of a final administrative decision of Commissioner denying Buffington's application for disability insurance benefits and Supplemental Social Security Income disability benefits. The administrative

decision of which Buffington complained was rendered, in the form of action by the Appeals Council, on June 19, 2002.

2.  <u>The Motions by Commissioner for Extension of Time to Respond to the Complaint</u>.

On January 17, 2003, Commissioner filed an unopposed motion for extension of time to respond to the complaint, which was granted by an order signed January 21, 2003, extending the time for response to March 24, 2003.  A second unopposed motion of Commissioner for extension of time to file a responsive pleading was filed March 25, 2003, which was granted by an order signed March 26, 2003, extending the deadline for response to May 23, 2003.  The grounds of each motion were that (1) Commissioner's counsel had been informed by the Office of the General Counsel, Answer Unit, Social Security Administration, that additional time was needed to locate and prepare the administrative record and prepare a litigative report for forwarding to trial counsel for filing of an answer or other appropriate response, and (2) the Social Security Administration was having difficulties with private contractors transcribing the hearings held by the administrative law judges, with the consequence that there was a significant backlog of tapes awaiting transcription and another significant backlog of tapes awaiting release to the contractor for transcription.

3.  <u>The Motion to Remand and Order Granting It</u>.

On May 22, 2003, Commissioner filed an unopposed motion to remand for further administrative action pursuant to the sixth

sentence of 42 U.S.C. § 405(g).  The ground of the motion and anticipated future course of action were alleged as follows:

> We have been informed by the Office of Hearings and Appeals that they are unable to locate the claim file and request remand to search for the file. Defendant requests voluntary remand of this claim for the purpose of locating the document and preparing the pleadings, and if after sixty days a pleading and administrative transcript are not filed, the Commissioner will hold another hearing and issue a new decision pursuant to sentence six of section 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3).

May 22, 2003, Mot. at 1-2.  The motion was granted by order signed May 27, 2003, for the reasons stated in the motion, and with the directive that "[i]f, after sixty days, a pleading and administrative transcript are not filed, the Commissioner will hold another hearing and issue a new decision pursuant to the sentence six of . . . 42 U.S.C. § 405(g)."  May 27, 2003, Order.

4.   <u>The Motion to Vacate Remand Order</u>.

On September 29, 2006, Commissioner filed a document titled "Unopposed Motion and Brief to Vacate Remand Order" asking that the remand order signed May 27, 2003, be vacated "so that the parties may proceed and that [Commissioner] may file her answer." Sept. 29, 2006, Mot. at 2.  The motion alleged the following facts as providing a reason for its grant:

> 1.   Plaintiff Vicki A. Buffington filed her Complaint on September 23, 2002, seeking review of the Commissioner's administrative determination regarding her claim for Title XVI benefits.
>
> 2.   However, the Social Security Administration's Office of Hearings and Appeals (OHA) was unable to locate Buffington's claim file.  As a result, the OHA was unable to prepare the administrative transcript for this case.  Barnhart sought a remand pursuant to

3

>    sentence 6 of 42 U.S.C. § 405(g) in an unopposed motion
>    filed on May 22, 2003,
>
>         3.   Remand pursuant to sentence 6 of § 405(g) was
>    granted by this Court in its order of May 27, 2003.
>
>         4.   In August 2006, the OHA assembled the file
>    and prepared a certified transcript of the
>    administrative proceedings, which will be filed with
>    this Court.

Id. at 1-2 (footnote omitted)[1].

5.   The May 27, 2003, Order and Commissioner's Response Thereto.

Because the allegations in the motion to vacate suggested that Commissioner had failed to comply with the directive of the May 27, 2003, order that if a pleading and administrative transcript were not filed after sixty days Commissioner was to hold another hearing and issue a new decision, the court signed an order on October 24, 2006, directing Commissioner to "file a document informing the court whether she contends that she complied with the directive of the May 27, 2003, order, and giving full details of the compliance, if she does so contend . . . ."  Oct. 24, 2006, Order at 1-2.

---

[1]The allegations of the motion to vacate the remand order are affirmatively misleading, if not downright false, by suggesting that Commissioner finally had assembled the file and prepared a transcript of the administrative proceedings that led to the decision that prompted the filing of this civil action in September 2002.  There was no hint in the motion that the decision of which Buffington sought review had been vacated by the Commissioner, that a new proceeding had been conducted, and that a new decision had been rendered.  The request in the motion that the remand order be vacated so that the Commissioner "may file her answer," Sept. 29, 2006, Mot. at 2, contributed to the misleading nature of the motion, bearing in mind that the decision of which Buffington complained in this civil action already had been vacated.

4

Commissioner responded to the October 24 order by a document filed October 26, 2006. She advised that she had not been able to locate and reconstruct the administrative record of the proceeding that led to the filing of this civil action, and that, as a result, on June 25, 2003, "the Commissioner vacated the original administrative decision and remanded the case to an Administrative Law Judge . . . for a de novo hearing in compliance with the Order to Remand." Comm'r's Resp. at 2. According to the response: An administrative hearing was held by an administrative law judge (ALJ) on January 10, 2005; on March 25, 2005, the Social Security Administration issued an administrative decision denying Buffington's application for disability benefits; Buffington filed a request for review of the decision with the Appeals Council; on May 27, 2006, the Appeals Council denied Buffington's request for review; the ALJ's decision of March 25, 2005,[2] became the final decision of the Commissioner; and, on July 31, 2006, certified copies of a full and accurate transcript of the administrative record related to the proceedings mentioned above was made available, following which Commissioner filed on September 29, 2006, the motion to vacate the May 27, 2003, remand order.

On October 30, 2006, the court had a telephone conference/hearing with counsel for Commissioner and the attorney

---

[2]Commissioner uses the date March 25, 2005, in paragraph 7 of her response and the date March 25, 2006, in paragraph 10 of the response. The court is assuming that March 25, 2005, is the correct date.

5

who represented Buffington in the filing of this action in September 2002.[3]  The court confirmed that the decision of which Buffington complained in this action indeed was vacated and that thereafter a new administrative hearing was held and a new decision adverse to Buffington was rendered.

6.  <u>The Rulings the Court has Concluded Should be Made, and the Reasons Therefor</u>.

Considering the series of events discussed in preceding parts of this order, the court has concluded that the May 27, 2003, remand order probably was ill-advised.  It was sought by the Commissioner pursuant to the part of the sixth sentence of 42 U.S.C. § 405(g) that states that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ."  The motion to remand was filed before the Commissioner filed her answer, but the court questions whether putting together a record to be used by the court in reviewing the Commissioner's decision that was put in issue in this case provided sufficient ground for a remand under the sixth sentence.  The more appropriate course for the Commissioner to have taken would have been to continue to seek extensions, as she twice did, for the filing of a record.  And, it appears to the court that the proper action for the

---

[3]The attorney who filed this action for Buffington, Elizabeth Dunlap, indicated during the telephone conference/hearing that she did not, or probably did not, represent Buffington at this time.

6

Commissioner to take once she concluded that she could not create a record for use in this civil action would have been to file a motion seeking a reversal of the Commissioner's decision that led to the filing of the action and a remand for another hearing. The court recognizes that there is nothing in § 405(g) that explicitly authorizes such a course of action, but common sense dictates that it would be appropriate if the Commissioner finds herself in a position where she cannot create a record for the purpose of going forward in a civil action brought pursuant to the first two sentences of § 405(g), as this one was.[4]  Moreover, the court has concluded that the part of the May 27, 2003, order that said that the "Commissioner will hold another hearing and issue a new decision pursuant to sentence six" was ill-advised because there is no provision in § 405(g) for an entirely new hearing and new decision under the sixth sentence.  However, the entry by the court of an ill-advised order in May 2003 is no reason for further irregularities in this civil action.

---

[4]In Washington v. Barnhart, 286 F. Supp. 2d 805 (S.D. Tex. 2002), the court was faced with somewhat the same situation facing this court when the motion to remand was considered and granted in May 2003.  While the court does not concur with all the actions taken by the Washington court, the court does agree with that court that the Commissioner is entitled to seek a remand under the fourth sentence (which must be a part of a dispositive judgment) of § 406(g) if the purpose of a remand previously ordered under sentence six cannot be accomplished.  In Washington, the court remanded so that the record in the civil action could be completed, and ordered that if within a specified time the record could not be completed "the Commissioner shall file a Motion for 'sentence four' Remand to convene a supplemental administrative hearing, if necessary." Id. at 806.  Equally, if not more, logical would be an order directing that if, within the allotted time, the Commissioner is unable to complete the record for use in the civil action, the Commissioner would seek a sentence four judgment reversing the decision sought to be reviewed.

7

The Commissioner's goal in the filing of the motion to vacate the remand order appears to be to cause this civil action to be used for an inappropriate purpose. The apparent intent of Commissioner is to treat the new 2006 final decision of the Commissioner as a part, and continuation, of this civil action that was commenced as a complaint by Buffington seeking review of a June 2002 final decision of the Commissioner. The court has not been able to find any legal authority that would suggest that such a use of this civil action would be proper. To the contrary, as the Supreme Court noted in Sullivan v. Finkelstein, "each final decision of the Secretary will be reviewable by a separate piece of litigation." 496 U.S. 617, 624-25 (1990) (emphasis added) (stating that "[t]he use of the term 'a civil action' suggests that at least in the context of § 405(g), each decision of the Secretary will be reviewable by a separate piece of litigation").

The method for a dissatisfied applicant for benefits to obtain a review of an unfavorable decision of the Commissioner is defined in the first two sentences of 42 U.S.C. § 405(g), which read as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within

8

>     any such judicial district, in the United States
>     District Court for the District of Columbia.

A civil action brought pursuant to the procedures thus defined constitutes the "separate piece of litigation" that must be used by a dissatisfied applicant for review of a final decision of the Commissioner.  If Buffington had elected to attack Commissioner's 2006 final decision against her, she had to do so in the manner contemplated by the first two sentences of § 405(g).  This civil action cannot serve as a vehicle for such a request for review.

However, the court is, as requested by Commissioner, vacating the remand order, but for a reason different from the one assigned by the Commissioner.  The court is vacating it because it should not have been rendered.

The remaining issue to be resolved is what to do with this civil action now that it has become a shell by virtue of the vacatur of the June 2002 final decision of the Commissioner.  The court has concluded that the only reasonable resolution is to render a judgment formalizing the vacatur in the record of this action and, thereby, formally terminating the action.

Therefore,

The court ORDERS that the May 27, 2003, order remanding this action be, and is hereby, vacated.

The court further ORDERS that the June 2002 decision of Commissioner to which Buffington refers in the complaint by which

9

she commenced this civil action in September 2002 be, and is hereby, vacated so that this action is finally terminated.

SIGNED November   17  , 2006.

                                             /s/ John McBryde
                                             JOHN McBRYDE
                                             United States District Judge